## Gruber v. Philadelphia-Montgomery Christian Academy

*Norman M. Wilson, Jr.*, for claimant.
*Donald A. Semisch*, for owners.

HONEYMAN, J., March 28, 1973.—Plaintiff, Heinz Gruber, filed a complaint sur mechanic's lien claim against defendant, Philadelphia-Montgomery Christian Academy and Philadelphia-Montgomery Christian High School Association, Inc. (hereinafter referred to as Philmont) on April 21, 1971. Defendants filed an answer containing new matter on August 2, 1971. On April 5, 1972, defendants filed a motion for summary judgment. This court on January 11, 1973, after oral argument before the court en banc, consideration of briefs, and after a review of the record of the proceedings, granted defendant's motion for a summary judgment. Plaintiff appealed therefrom on February 6, 1973.

Philmont entered into a contract with Paul S. Vollrath, Inc., as general contractor for the construction of a school building for a fixed price. On July 21, 1969, a builder's agreement was executed between Philmont and Vollrath which provided, inter alia:

"Article XIII Contractor, for himself and his subcontractors and materialmen and all parties acting through or under him or them covenants, promises and agrees that no mechanic's lien claim or other lien of claim of any kind whatsoever shall be filed or maintained against the said building or buildings, etc." A true and correct copy of such waiver was filed with the prothonotary on July 29, 1969, as of 69-1560, MLD 216, prior to the commencement of any work upon the ground, and eight days after execution of the agreement.

Plaintiff, Heinz Gruber, entered into an agreement with the general contractor in October of 1969 to provide labor and materials for electric work on the construction of this school. The agreement initially was on a "time and material" basis, but thereafter their agreement was reduced to writing for a fixed price.

On August 20, 1970, plaintiff walked off the job, claiming he had not been paid by the contractor. Donald A. Semisch, Esq., attorney for Philmont and chairman of the board, spoke with Norman Wilson, Esq., plaintiff's attorney, on August 21, 1970. After discussing the problem, Mr. Semisch told Mr. Wilson that "if we had paid Mr. Vollrath and Mr. Vollrath had not paid Gruber, we'd see that Gruber was paid, because there was still a considerable amount of work to be done at the school and we could withhold other payments from Mr. Vollrath." A letter to that effect was sent to plaintiff on August 21, 1970. On August 22, 1970, after Mr. Semisch learned from Vollrath that there was a dispute between him and plaintiff as to charges being made by plaintiff in excess of the contract price, the parties met at the school to further discuss the problem, but Vollrath was unable to join them, so the parties met again on

August 26, 1970, and entered into a "Compromise Settlement." The compromise provided that each party, Philmont, Gruber and Vollrath would pay "one-third of the additional $27,300.00 to complete the electrical work." Plaintiff admits that he did not complete the work but claims he was unable to do so because he was not told how to proceed. Gruber walked off the job again on September 10, 1970, and never returned. The work was completed by another electrical subcontractor under contract with Philmont.

The only issue involved in this case is whether or not plaintiff's remedy is properly a complaint sur mechanic's lien claim, rather than an action in assumpsit against Philmont.

Plaintiff admits that there was a waiver of liens duly filed with the prothonotary. The waiver of liens was filed on July 29, 1969, eight days after the contract was executed between Philmont and Vollrath on July 21, 1969.

The Act of August 24, 1963, P. L. 1175, 49 PS §1402, states the effect of a waiver:

"A written contract between the owner and contractor or a separate written instrument signed by the contractor, which provides that no claim shall be filed by anyone, shall be binding; but the only admissible evidence thereof, as against a subcontractor, shall be proof of actual notice thereof to him before any labor or materials were furnished by him; or proof that such contract or separate written instrument was filed in the office of the prothonotary prior to the commencement of the work upon the ground or within ten (10) days after the execution of the principal contract or not less than ten (10) days prior to the contract with the claimant subcontractor, indexed in the name of the contractor as defendant and the owner as plaintiff and also in the name of the

contractor as plaintiff and the owner as defendant. The only admissible evidence that such a provision has, notwithstanding its filing, been waived in favor of any subcontractor shall be a written agreement to that effect signed by all those who, under the contract, have an adverse interest to the subcontractor's allegation."

The waiver of liens agreement is properly a matter of record. A copy of the agreement was pleaded in defendant's answer. Plaintiff does not deny the existence or validity of the waiver of liens agreement but asserts that the waiver was waived by the letter of defendant's attorney on August 21, 1970.

Plaintiff asserts the letter of the twenty-first was a letter of guaranty which waived the provision against liens with the general contractor. The statute provides that, in order for there to be a waiver of that provision, there must be a written contract to that effect signed by all those who, under the contract, have an adverse interest to the subcontractor's allegation. The letter written by defendant's attorney was not an express waiver of the provision waiving the right to mechanic's lien. Also the letter was not signed by all parties with an adverse interest. The pleadings clearly indicate that even if all the plaintiff's allegations are true, plaintiff could not maintain his mechanic's lien. Plaintiff may have a cause of action in assumpsit on the alleged letter of guaranty of August 21, 1970, or on the written compromise agreement of August 26, 1970, or both, but the waiver of liens bars a claim based upon a mechanic's lien.

This court, in Brandley v. Mitchell Develop. Corp., 89 Montg. 1 (1967), refused to sustain preliminary objections to a mechanic's lien based on a filed waiver of liens agreement between the owner and the contractor. However, the refusal was based on

the fact that the validity and applicability of the waiver of liens therein was clearly a factual issue. In this case, no such factual issue exists, and it would appear to be precisely the type of situation intended to be resolved on a motion for summary judgment within the contemplation of Pennsylvania Rule of Civil Procedure 1035.

This court concluded as a matter of law that the letter of August 21, 1970, was not an express written waiver of the "no liens" provision as required by 49 PS §1402. For that reason, plaintiff's claim failed under mechanic's lien law.